# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

LARHONDA DUNLAP PEREZ                                  **PLAINTIFF**

**v.**                                 **CIVIL ACTION NO. 1:18-CV-64-GNS**

**OFFICER B. SIMPSON CPD #415** *et al.*                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff LaRhonda Dunlap Perez filed a *pro se* civil action on a general complaint form titled "Complaint for a Civil Case." Therein, she sues the Campbellsville Police Department and its Officers B. Simpson and Josh Patrick and the Taylor County Detention Center and its Nurse Fallon Milby. As her statement of the claim, Plaintiff alleges, "I was refused medical treatment after being tased. I have had surgery and been to two different hospitals and still having surgery. I am deformed on one side. I was denied until the net day." In the relief section of the form, Plaintiff writes: "medical bills, transportation for appoints pain sufferng; punitive, exemplary, negligence slander."

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Additionally, federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v.*

*Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364.

Therefore, "[t]he first and fundamental question presented by every case brought to the federal

courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise

or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir.

1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing

jurisdiction rests with the plaintiff. *Hedgepeth v. Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000);

*Douglas*, 150 F.3d at 606. There are two ways a federal district court may have jurisdiction over

a case. *Douglas*, 150 F.3d at 607. One way is through diversity jurisdiction under 28 U.S.C.

§ 1332, and another way is through federal-question jurisdiction under 28 U.S.C. § 1331.

Under the diversity-jurisdiction statute, "[t]he district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between—(1) citizens of different States[.]".

28 U.S.C. § 1332(a). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of

a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373

(1978). Here, Plaintiff has not alleged that she is diverse in citizenship from Defendants and,

therefore, fails to establish diversity jurisdiction.

Under the federal-question statute, "[t]he district courts shall have original jurisdiction of

all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

§ 1331. Here, Plaintiff specifically mentions negligence and slander, which are state-law claims

that do not arise "under the Constitution, laws, or treaties of the United States." In liberally

construing the complaint in a light most favorable to the *pro se* Plaintiff, however, it appears that

she also may be attempting to allege federal constitutional violations against the municipal

Defendants under 42 U.S.C. § 1983.  *See, e.g.*, *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

Even liberally construing the complaint as asserting § 1983 claims, the complaint fails to contain sufficient facts to state a federal claim against Defendants, *see Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ( "[A] . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.") (citations and internal quotation marks omitted), or to place Defendants on notice as to any federal claim against them.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of a claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  550 U.S. 544).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).  Conclusory allegations or bare legal conclusions will not

suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."); *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000) ("[W]e need not accept as true legal conclusions or unwarranted factual inferences."). The complaint, therefore, fails to state a claim upon which relief may be granted.

Before dismissing the action, however, the Court will provide Plaintiff with an opportunity to file an amended complaint specifically describing the alleged wrongdoing committed by each named Defendant.

**IT IS THEREFORE ORDERED that within <u>30 days</u> from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint on a Court-supplied form titled "Complaint for Violation of Civil Rights." Therein, Plaintiff must indicate whether she sues Defendants in their individual or official capacity or in both capacities, and she must provide specific facts surrounding her claims and describe the wrongdoing allegedly committed by each named Defendant**.

The **Clerk of Court is DIRECTED** to place the word "Amended" and the instant case number on a "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)" form (AO Form Pro Se 15) and send it to Plaintiff for her completion.

Plaintiff is **WARNED** that her failure to comply within the time allotted **will result in dismissal** of the action for the reasons set forth in this Memorandum Opinion and Order.

Date:   January 7, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
4416.005

4