UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**LaRHONDA DUNLAP PEREZ**                                            **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:18-CV-P64-GNS**

**OFFICER BRYAN SIMPSON** *et al.*                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff LaRhonda Dunlap Perez's *pro se* first, second, and third amended complaints (DNs 13, 14 & 18) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow Fourth and Fourteenth Amendment claims to proceed against Defendant Simpson; dismiss all other claims; and provide Plaintiff an opportunity to file an amended complaint.

### I. SUMMARY OF CLAIMS

Plaintiff is a convicted inmate currently incarcerated at the Marion County Detention Center. She brings this 42 U.S.C. § 1983 action against the following Defendants: Campbellsville Police Department (CPD) Officer Bryan Simpson; CPD Officer Josh Patrick; CPD; Taylor County Detention Center (TCDC); Fallon Milby, a nurse at TCDC and employed by Southern Health Partners (SHP); and "Nursing Staff @ TCDC." Plaintiff sues Officers Simpson and Patrick in their individual and official capacities and sues Defendant Milby in her official capacity only.

As her statement of claims, Plaintiff alleges as follows:

On May 1, 2018 I was at my residence outside in the backyard and two police officers pulled up. I was barefoot at the time and my shoes were beside me . . . . When they approached me they asked my name and I told them my name and he

> advised me he had a warrant. I asked him for what and moved to put on my shoes and asked to close my door or if he would and he said no. I advised him I lived alone and my money and all belongings purse phone everything was inside the house. He told me hell no. As I attempted to put my shoes on he pulls a gun out and raised it to me. I took off. We ran past a neighbors house and I could feel him behind me. We came to a line of traffic & I stopped and raised my hands. When I did come to a complete stop not moving at all they shot me with a taser. I fell to the ground and was knocked unconscious. I came to by them jerking me off the pavement and blood was gushing and I could feel loose teeth in my mouth and could tell there were other teeth cracked in my mouth. I told them he Officer Simpson said shut my mouth I asked him why he did that and he said he had just eaten and didn't feel like running I started recording at that time and got it all on video on telling him I needed to go to the hospital. When he got me to the car he pulled the taser things out of my back . . . . [H]e drove me to dispatch. He pulled up and asked the guy he received my warrants from and said he wanted to know who is responsible for writing up a excessive force report. They informed him he had to. He said some cuss words and sat there for several more minutes and I'm still asking why I could be seen by a doctor. I told him my teeth were fractured and still coming out but he laughed.

(DN 13, First Am. Compl.).

Plaintiff continues that at "the detention center he took me in to the holding area."

> I told the guard I needed medical and that my teeth were in the back seat of the squad car and he said bullshit. They called the nurse and the officer told her I was fine and I was still bleeding everywhere, there was blood still flowing from my face. She said I would be fine and told me she would see me at intake.[1] They took me to the seg cell away from everyone else and left me. The next day almost 15 hours later the next shif guard Annie Macon found me I was swollen in the face,

---

[1] In the Second Amended Complaint (DN 14), Plaintiff additionally alleges, "After he got me in the room to do the paperwork the nurse came in. I told her I needed medical attention she said I looked fine and if I wanted to see a dentist my family could pay for it. I was still bleeding badly." Additionally, attachments to the First and Third Amended Complaints contain Progress Notes from Southern Health Partners dated May 1 and 2, 2018 (DNs 13 & 18). The May 1, 2018, notes appear to be signed by Defendant Milby and indicate as follows:

> The nurse observed patients face where she indicated her tooth was cracked and loose.[] Instructed patient not to bother it we could get her and Ice pack. Patient then requested Ibuprofen & a dentist. Instructed patient I could not administer any medication until she was booked in and seen for Intake. Instructed patient that dentist could be set up at later date if family made payment because our dentist only extracts teeth. Patient had no active bleeding noted Denied any other complaints Instructed she would be seen in AM by nurse. No other complaints voiced.

(*Id.*).

2

> still bleeding and dizzy. She imediately took me to medical and the nurse told me to go to court first . . . . Upon getting back the same guard took me to the captain he saw my face and made a different nurse see me. That nurse sent me immediately to the emergency room. When my x-rays came back they did emergency surgery. I had two broken jaw joints on both sides, I received stitches in my face. I had to have several teeth removed and more.
>
> After leaving the hospital and healing at home I went to police station. They said the officer said I wasn't tased and I fell in a ditch and that if I was I would have holes in my clothes. I showed him & he said it was a fact. I also showed the video and it clearly shows the officer pulling the tasers pins out of me. There was never an investigation and I called the visted, the KSP, prosecutors office, Feds everyone. I also did a open records to receive the video from the holding cell.
>
> After the officers harassed me and slandered me on social medical I have proof of that. They all said because of my criminal history no one would believe me.

(DN 13, First Am. Compl.).

Plaintiff claims, "Officers refused me medical after using excessive force. I was hurt bad. Nurse and jail refused me medical attention." (DN 14, Second Am. Compl., p. 14). She also claims, "[I] was not allowed to have a investigation . . . [and] I was discriminated against because of my past." (*Id.*, p. 4).

As relief, Plaintiff seeks compensatory and punitive damages and "no contact with officers involved, pain & suffering all medical bills."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claims Against CPD and TCDC and
### Official-Capacity Claims Against All Other Defendants

Defendants CPD and TCDC are not "persons" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983); *see also Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, the proper Defendants are the City of Campbellsville and Taylor County. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Further, since "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)), Plaintiff's official-capacity claims against Defendants Simpson and Patrick, are actually against the City of Campbellsville; her official-capacity claims against Defendant Milby are actually against SHP; and her official-capacity claims against Defendant "Nursing Staff @ TCDC"[2] are actually against either Taylor County or SHP.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The same municipal-liability analysis applies to § 1983 claims

---

[2] Plaintiff does not specify in which capacity she sues "Nursing Staff @ TCDC." "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.* The Court finds that the complaint fails to indicate that Plaintiff intends to impose individual liability on the nursing staff, and none of Plaintiff's other filings pertain to that issue. Thus, the Court construes the claims against Defendant "Nursing Staff @ TCDC" as being brought against them in their official capacities only.

against a private corporation like SHP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well."); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).

None of the allegations in the amended complaints demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the City of Campbellsville, Taylor County, or SHP. The pleadings, therefore, fail to establish a basis of liability against the municipalities and SHP and fail to state a cognizable § 1983 claim. Accordingly, the claims against CPD and TCDC and the official-capacity claims against Defendants Simpson, Patrick, Milby, and "Nursing Staff @ TCDC" will be dismissed.

### B. Individual-Capacity Claims Against Defendants Simpson and Patrick

The Court will allow the individual-capacity, excessive-force and denial-of-medical-treatment claims under the Fourth and Fourteenth Amendments to proceed against Officer Simpson.

Because Plaintiff does not specifically mention Defendant Patrick with respect to any alleged wrongdoing, she has failed to state a claim upon which relief may be granted against him. *See Rizzo v. Goode,* 423 U.S. 362, 375–76 (1976) (indicating that a plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which the plaintiff complains). The individual-capacity claims against Defendant Patrick must, therefore, be dismissed.

Plaintiff also alleges a failure to investigate and discrimination but fails to allege facts supporting those claims against Defendants. Those claims will be dismissed as well.

Notwithstanding dismissal, "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, before dismissing the action, the Court will allow Plaintiff to amend her complaint to describe how Defendant Patrick allegedly violated her rights. The Court will also allow Plaintiff to amend her complaint to sue Defendant Milby in her individual capacity; to name as Defendants in their individual capacities any other persons who allegedly violated her rights; and to describe the facts detailing what each Defendant allegedly did to violate her rights.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the following claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted: all claims against Defendants CPD and TCDC; the official-capacity claims against Defendants Simpson, Patrick, Milby, and "Nursing Staff @ TCDC"; the individual-capacity claims against Defendant Patrick; and the failure-to-investigate and discrimination claims.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to describe how Defendant Patrick allegedly violated her rights; to sue Defendant Milby in her individual capacity; to name as Defendants in their individual capacities any other persons who allegedly violated her rights; and to describe the facts detailing what each Defendant allegedly did to violate her rights.

**The Clerk of Court is DIRECTED** to write the instant case number and "Fourth Amended" on a § 1983 complaint form and send it and five blank summons forms to Plaintiff for her use should she wish to amend the complaint. The Court will conduct an initial review of the fourth amended complaint pursuant to 28 U.S.C. § 1915A. Should Plaintiff file no amended complaint within 30 days, the Court will enter a Service and Scheduling Order to govern the development of the continuing claims against Defendant Simpson.

Date: May 29, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Campbellsville City Attorney
    Taylor County Attorney
4416.005